IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL A. ALEXANDER,

    Plaintiff,

v.

DR. JAMES RICHTER, et al.

    Defendants.

ORDER

Case No. 15-cv-766-wmc

---

The court has permitted *pro se* plaintiff Michael Alexander leave to proceed on Eighth Amendment claims arising from the defendants failure to respond to his requests for eye examinations, which led to headaches and migraines. Since permitting Alexander leave to proceed, he has filed a Motion for Issuance of Subpoena (dkt. #30) and a Motion for Appointment of Counsel (dkt. #33). For the following reasons, I am denying them without prejudice.

I.    **Motion for Issuance of Subpoena (dkt. 30)**

Alexander initially requested seven blank subpoenas from the Clerk of Court pursuant to Federal Rule of Civil Procedure 45(a)(3), which requires the clerk to issue subpoenas that are, "signed but otherwise in blank." The clerk denied his request, instructing him that if he would like the clerk to comply with his request, he must file a motion with the court that (1) specifies what he is seeking, (2) explains how the subpoena would be relevant to his claims in this lawsuit and (3) if he is seeking to take depositions, show that he is capable of paying for the cost of such witnesses' time and mileage in accordance with Fed. R. Civ. P. 45(b)(1). (Dkt. #29.) Alexander's motion does not meet that requirement.

Copy of this document has been provided to: Pih this 21 Mar, 2017 C.N. North, Secretary to Judge Stephen L. Crocker

As an initial matter, Alexander is correct that Fed. R. Civ. P. 45 does not require a litigant to submit a motion when requesting the clerk to issue subpoenas. Nonetheless, this court requires *pro se* litigants such as Alexander to file the motion described by the clerk. The court undergoes this process as a general rule for *pro se* litigants because they often lack knowledge about the legal requirements of subpoenas. The court's review ensures that the desired subpoenas will be issued to only individuals and entities that are related to the lawsuit to avoid the unnecessary cost, inconvenience, and waste of judicial resources that may arise following issuance of a frivolous or irrelevant subpoena. *See Bernegger v. Banks*, No. 08-C-156, 2008 WL 4866623, *1 (E.D. Wis. Nov. 10, 2008) (denying *pro se* litigant a request for a blank subpoena, reasoning that court review of such requests are appropriate due to the possibility that the subpoenas would be used for inappropriate circumstances). While *pro se* litigants may be slightly inconvenienced by making the showing the court requires, the inconvenience suffered is far outweighed by the potential for significant inconveniences that would accompany the issuance of improper subpoenas.

Here, Alexander would like seven blank subpoenas. While it appears that he would like to conduct discovery from individuals with knowledge about the eye care he received at Columbia Correctional Institution ("Columbia"), he did not provided any specific information about (1) who he would like to serve with the subpoenas; (2) what information, documents or testimony he is seeking to obtain; or (3) whether he has the financial means to cover the costs associated with any depositions he would like to take. As such, I cannot assess whether his requested subpoenas will comply with the requirements of Fed. R. Civ. P. 45. Without more information, I will not require the clerk to comply with his request.

Further, if Alexander is seeking subpoenas to ensure certain witnesses appear at trial, he has not complied with this court's order on that subject. I issued an order following its pretrial conference with the parties that included instructions on how to request the Clerk of Court to issue subpoenas on their behalf for use at trial. (Preliminary Pretrial Conference Order, dkt. 27.) In particular, pages 61-62 describe the process Alexander must undertake if he is interested in having the Clerk of Court issue subpoenas on his behalf to ensure witness attendance at trial. (*Id.* at 60-61.) The order directs the party seeking the subpoena to provide the court with certain information, tender an appropriate amount of money when the witness is served, and submit an affidavit explaining that the witness is refusing to testify voluntarily, that the party has made arrangements for service through a private party or will need the assistance of the U.S. Marshall, and that the party is prepared to tender witness fees. As Alexander has not followed any of these requirements, I am denying his motion, but is doing so without prejudice to his ability to renew his motion in a manner that meets the requirements described above.

II.     Motion for Appointment of Counsel (dkt. 33)

Turning to Alexander's Motion for Appointment of Counsel, although civil litigants like plaintiff have no constitutional or statutory right to the appointment of counsel, *e.g.*, *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997), the court has the discretion to recruit a volunteer in an appropriate case. Alexander attaches letters her wrote to three attorneys requesting representation, and he states that he has not received a response from any of them. Thus, he has fulfilled the

threshold requirement of showing that he made reasonable efforts to retain an attorney on his own. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992).

Alexander requests that the court recruit counsel for the discovery process because the doctors that provided him with care no longer work at Columbia. After reviewing the materials plaintiff has submitted, however, at this early stage I do not agree that his case presents the sort of circumstances that would justify recruitment of counsel. Specifically, I am not persuaded that the complexity of this case exceeds plaintiff's ability to present it to a jury on his own. *See Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Alexander does not explain why he is incapable to handling the discovery process on his own, and his filings thus far indicate that he has the ability to do so. Indeed, his submissions have been clearly written, easy to understand and include citations to relevant legal authority. Further, while he may not have yet followed the instructions regarding subpoenas, this order as well as the Preliminary Pretrial Conference Order provides specific instructions about how he may proceed with discovery in compliance with the applicable Federal Rules of Civil Procedure. (Dkt. #27, at 7-9.) Alexander has not explained any failed attempts he has made to obtain discovery on his own, so it does not appear that he is unable to use the resources at his disposal to proceed with discovery alone.

Certainly, pro bono counsel may be able to present Alexander's case more effectively than he can. But "if that were the test, district judges would be required to recruit counsel for every indigent litigant." *Pruitt*, 503 F.3d at 655 (quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)) (internal quotation marks omitted). This court receives many more requests for counsel than the small pool of available volunteers can accommodate. Based on all the facts and circumstances before the court at present, neither the case itself nor

Alexander's personal circumstances suggests that he is unable to try it on his own. Accordingly, I will deny the motion for appointment of counsel without prejudice to Alexander's ability to renew his motion should it become apparent that the demands of this lawsuit exceed his ability to proceed without the assistance of an attorney. If Alexander renews his motion, he should include a detailed explanation of the specific difficulties Alexander has encountered in trying to litigate this matter.

ORDER

IT IS ORDERED that plaintiff Michael Alexander's Motion for Issuance of Subpoenas (dkt. #30) and Motion for Appointment of Counsel (dkt. #33) are both DENIED WITHOUT PREJUDICE.

Entered this 19th day of March, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge